IRA YEAMANS & others *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

An adjudication of county commissioners, on a petition for the new location of three highways and a fordway, that "the common convenience and necessity require that the prayer of the petitioners should in part be granted," is invalid for uncertainty, and cannot be made good by any subsequent action of the commissioners at a meeting called "to locate as aforesaid."

PETITION for a writ of *certiorari* to quash the proceedings of the respondents in locating anew by metes and bounds three highways in Westfield, and in adjudicating that the inhabitants of Westfield had acquired by prescription and long user a right to a fordway in that town, and defining it by monuments. The case is stated in the opinion.

*R. A. Chapman & M. B. Whitney,* (*W. G. Bates* with them,) for the petitioners.

*H. Morris,* (*N. T. Leonard* with him,) for the respondents, cited *Rutland* v. *County Commissioners,* 20 Pick. 80; *Commonwealth* v. *West Boston Bridge,* 13 Pick. 196; *Commonwealth* v. *Blue Hill Turnpike,* 5 Mass. 420; *Commonwealth* v. *Derby,* 13 Mass. 433.

DEWEY, J. The original petition to the county commissioners, which was the foundation of the proceedings now sought to be quashed, set forth that there were three certain highways and a fordway situated in Westfield, and particularly described in said petition, which were narrow, encroached upon, and without monuments, and prayed the commissioners to widen, straighten and establish monuments, or locate anew

said roads, and make such alterations and repairs as they may deem advisable. ⸰

It was objected to these proceedings, that this original petition was defective, because the subject matter embraced four distinct ways. In the opinion of the court, though such a union of roads would be inexpedient, it would not necessarily be illegal. The different roads might be so connected with each other as to justify a proceeding under one petition; but it would be for the county commissioners, before entertaining such a petition, to see that the circumstances rendered it proper, and that the rights of all might be fully considered under it.

The fact that this petition was thus multifarious gives much greater force to the objection to these proceedings, upon the ground that it was merely an adjudication that "the common convenience and necessity require that the prayer of the petitioners should in part be granted." This obviously leaves it uncertain as to which of the three roads the adjudication is to apply, or whether it is exclusive of all of them, and applicable to the fordway merely. This adjudication must be held invalid for uncertainty, as was a similar adjudication in the case of *Danvers* v. *County Commissioners*, 2 Met. 185.

This objection is not obviated by the proceedings of the county commissioners in December 1857. That meeting was called under a motion based upon the adjudication just stated, and was by the terms of the notice " to locate as aforesaid." It was not a meeting called to make a further view, or to consider further the expediency of granting the prayer of the petitioners to locate the three roads and the fordway. No notice had been given to that effect, and the commissioners could not act upon that question at the meeting ordered for the mere purpose of "locating anew" under their former order as to the common convenience and necessity for so doing "in part."

As to the estoppel by reason of the acts of one or more of the present petitioners at this latter meeting, whatever might be its effect upon some of these petitioners, we see nothing that can thus operate as to one at least of the petitioners, Ralph Day

He was directly interested in the subject, and did nothing by way of waiver of the objection now relied upon.

The enlarged order of December 1857, appearing to have been unauthorized, does not therefore give validity to the proceedings. As the case now presents itself to the court, it seems to be a proper case for ordering a *certiorari.*

*Certiorari ordered.*